UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID WAYNE TODD                                            CIVIL ACTION

VERSUS                                                       NO. 21-550-JVM

TERREBONNE PARISH CONSOLIDATED
GOVERNMENT, ET AL.

### ORDER AND REASONS

Plaintiff, David Wayne Todd, a state pretrial detainee,[1] filed this federal civil action pursuant to 42 U.S.C. § 1983. He sued the Terrebonne Parish Consolidated Government, Richard Neal, and EMT Jacob Guidry,[2] claiming that the defendants were deliberately indifferent to his serious medical needs.

In prior rulings, all of plaintiff's claims were dismissed except for his individual-capacity claims against Guidry.[3] With respect to those remaining claims, Guidry has now filed a motion for summary judgment,[4] which plaintiff opposes.[5]

In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a

---

[1] In his complaint, plaintiff alleged that he was a pretrial detainee. Rec. Doc. 4, p. 3.
[2] In the complaint, Guidry was identified only as "EMT Jacob"; however, in the pending motion for summary judgment, Rec. Doc. 41, that defendant's surname was revealed.
[3] Rec. Docs. 17 and 19; Todd v. Terrebonne Parish Consolidated Government, Civ. Action No. 21-550, 2021 WL 5828127 (E.D. La. Oct. 8, 2021), adopted, 2021 WL 5826367 (E.D. La. Dec. 8, 2021).
[4] Rec. Doc. 41.
[5] Rec. Doc. 46.

rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (internal quotation marks omitted); accord Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

In his motion for summary judgment, Guidry makes three arguments:

- Guidry was not deliberately indifferent to plaintiff's serious medical needs;[6]

---

[6] Rec. Doc. 41-2, pp. 9-12.

- At worst, plaintiff experienced only a delay in receiving medical care, and that delay resulted in no substantial harm to plaintiff;[7] and
- Guidry is entitled to qualified immunity.[8]

Because the Court finds that Guidry's first argument has merit and is dispositive for the following reasons, the Court need not address the remaining two arguments.

In this lawsuit, plaintiff claims that his constitutional right to medical care while incarcerated was violated by Guidry at the Terrebonne Parish Criminal Justice Complex. However, although such a constitutional right does indeed exist, it is a limited one. Specifically, with respect to medical care, the Fourteenth Amendment only "guarantees pretrial detainees a right not to have their serious medical needs met with deliberate indifference on the part of the confining officials." Dyer v. Houston, 964 F.3d 374, 380 (5th Cir. 2020) (quotation marks omitted). Here, Guidry argues that plaintiff cannot show deliberate indifference.[9] For the following reasons, that is correct.

"Deliberate indifference is an extremely high standard to meet." Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). In fact, "[d]eliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997). Further, the United States Fifth Circuit Court of Appeals has cautioned:

> It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a

---

[7] Id. at p. 12.
[8] Id. at pp. 12-14.
[9] Guidry does not contest the seriousness of plaintiff's medical needs.

3

> wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment.

Domino, 239 F.3d at 756 (citations and quotation marks omitted).

Here, plaintiff suffered complications, including the development of an abscess, while he was being treated for a scrape on his arm.[10] In this lawsuit, he claims that Guidry ignored his medical complaints and refused his requests for medical assistance for those medical issues on **two occasions**, i.e. a brief period in November of 2020 and then again on one night in January of 2021, as follows.[11]

With respect to the claim arising in November of 2020, plaintiff made the following statement in his verified complaint:

> The medication nor the cream was helping. The abscess became bigger and got very painful. … It got to the point that I could barely walk and I began to run fever, get chills, was sweating, had chest pains, and started to lose motor functions. I complained to EMT Jacob of my symptoms for 3 days and he refused to provide me with the proper treatment or do anything at all. I even informed him that I previously had triple bypass heart surgery and the chest pains needed to be checked out. He still refused to do anything to help me.[12]

---

[10] In the complaint, plaintiff alleged that a rash developed after he scraped his arm on or about October 9, 2020. He further alleged that he was prescribed Bactrim, a "green pill," and a cream for the rash, and he was examined by the facility physician, Dr. Scott Haydel, on October 29. Rec. Doc. 4, p. 6.

[11] **Plaintiff's claims against Guidry are expressly limited to those two occasions**, and, in fact, plaintiff's medical records establish that Guidry was quite responsive to plaintiff's medical needs on numerous other occasions. Moreover, even plaintiff himself concedes that his medical care at the facility was otherwise "good," testifying at his deposition as follows:

> A. The medical at this facility has been good without them three occasions.
>
> Q. So Richard "Petie" Neal, [the jail's Medical Administrator,] he's running a good operation over there for the medical department, isn't he?
>
> A. As far as I can tell.

Rec. Doc. 41-3, pp. 13-14 (Todd Deposition, pp. 24-25).

[12] Rec. Doc. 4, pp. 6-7.

In his deposition, though, plaintiff stated that on **two** days in a row, Guidry "**told me he'd get to it**," but then, apparently, did not.[13]  In any event, it is undisputed that plaintiff later requested help from other EMTs, and those requests resulted in him being transported to the hospital.

With respect to the claim arising in January of 2021, plaintiff alleged that, after his discharge from the hospital, he then requested that Guidry provide the prescribed follow-up wound care but, again, Guidry was not responsive.  In his verified complaint, plaintiff stated:

> In 1-8-2021, for 8 PM pill call I told EMT Jacob that my wound was leaking bad and I needed it to be cleaned.  He said that he just came back after being off for two weeks and didn't know what was going on, and that all he could do is give me a band aid.  He refused to do wound care for me.[14]

Because the foregoing allegations were included in plaintiff's verified complaint and sworn deposition testimony, they are competent summary judgment evidence.  See Owens v. Neovia Logistics, L.L.C., 816 F. App'x 906, 909 (5th Cir. 2020) (noting that a deposition is competent summary judgment evidence); Stauffer v. Gearhart, 741 F.3d 574, 581 (5th Cir. 2014) ("Allegations in a verified complaint may serve as competent summary judgment evidence.").  Moreover, the Court must view such competent summary judgment evidence in the light most favorable to the non-movant (here, plaintiff) and draw all reasonable inferences in his favor.  See, e.g., Johnson v. PRIDE Industries, Inc., 7 F.4th 392, 399 (5th Cir. 2021) ("In considering a motion for summary judgment, the court must view all facts and evidence in the light most favorable to the non-moving party and draw all reasonable factual inferences in the non-movant's favor.").  Therefore, if a constitutional violation invariably results whenever a penal official ignores an

---

[13] Rec. Doc. 41-3, pp. 7-8 (Todd Deposition, pp. 15-16) (emphasis added).
[14] Id. at p. 7.

5

inmate's request for medical care or denies such medical care, then plaintiff's allegations in the verified complaint and deposition might be sufficient to defeat Guidry's motion.

But a constitutional violation does **not** invariably result from such actions or inactions – rather, there is an additional component to the "deliberate indifference" requirement. Specifically, to establish "deliberate indifference," **a plaintiff must also show that the penal official knew his actions or inactions posed a significant risk to the plaintiff**. For example, the United States Fifth Circuit Court of Appeals has explained:

> To act with deliberate indifference, a state actor must know of and disregard an excessive risk to the victim's health or safety. The state actor's actual knowledge is critical to the inquiry – a failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, does not rise to the level of deliberate indifference.

Whitley v. Hanna, 726 F.3d 631, 641 (5th Cir. 2013) (citations, quotation marks, and brackets omitted); accord Blank v. Eavenson, 530 F. App'x 364, 368 (5th Cir. 2013) ("A prison medical official's failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference." (quotation marks omitted)).

Because actual knowledge of a significant risk is essential, it is not enough for a plaintiff simply to argue that a defendant should have known better than to ignore requests for medical attention or deny care. Therefore, for example, a plaintiff cannot prevail merely by arguing that that "even a layperson would understand and know from his or her own life experiences" that a particular course of conduct could cause serious pain and suffering. See Martin v. Seal, 510 F. App'x 309, 315 (5th Cir. 2013) (quotation marks omitted). Moreover, it is not enough for a plaintiff to allege that a defendant knew that a different standard of care was appropriate, because "[d]eliberate indifference … exists wholly independent of an optimal standard of care." Id.; see

also Broussard v. Nelson, 503 F. App'x 259, 260 (5th Cir. 2012) ("Even if further treatment was advisable," that fact alone is not enough to show that a given defendant in fact "drew the inference that a substantial risk of serious harm existed if it was not provided."). In short, anything less than **actual knowledge of a substantial risk of harm** simply does not constitute "deliberate indifference." See Martin, 510 F. App'x at 315 (noting that a defendant's "fail[ure] to act reasonably … is inadequate to support an inference of deliberate indifference"; also noting that negligence or "poor judgment" do not constitute deliberate indifference (quotation marks omitted)).

For these reasons, the issue before the Court is not whether Guidry acted appropriately. Instead, the issue is whether plaintiff has any evidence that Guidry knew that his failure to provide medical care posed a substantial risk of harm to plaintiff. And, as Guidry correctly notes in his motion, plaintiff has pointed to no such evidence.[15] That is fatal.

Simply put: Because plaintiff has not pointed the Court to any evidence indicative of Guidry's actual knowledge, and because actual knowledge is a factual element of plaintiff's claim on which he will bear the burden of proof at trial, summary judgment is warranted. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (noting that summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial"; "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial"); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)

---

[15] See Rec. Doc. 41-2, p. 7 ("There is no evidence demonstrating that Jacob knew of and disregarded an excessive risk to Plaintiff's health or safety.").

("[S]ummary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." (internal quotation marks omitted)).

Accordingly,

**IT IS ORDERED** that Guidry's motion for summary judgment, Rec. Doc. 41, is **GRANTED** and plaintiff's claims against him are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this __7th__ day of November, 2022.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**